**-IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

_____

**CASE NO. 25-12959**

_____

**UNITED STATES OF AMERICA,
PLAINTIFF-APPELLANT**

**v.**

**DORON MITCHELL,
DEFENDANT-APPELLEE**

_____

**MOTION TO DISMISS APPEAL
BASED ON GOVERNMENT'S FAILURE TO COMPLY WITH THE
CERTIFICATION REQUIREMENT IN 18 U.S.C. § 3731**

_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
CASE NO.: 2:24-CR-296-MHT-CWB-1**

_____

**Mackenzie S. Lund, Esq.
FEDERAL DEFENDERS
Middle District of Alabama
817 South Court Street
Montgomery, Alabama 36104
TEL: (334) 834-2099
FAX: (334) 834-0353
Counsel for Doron Mitchell**

## <u>CERTIFICATE OF INTERESTED PERSONS</u>
## <u>AND CORPORATE DISCLOSURE STATEMENT</u>

Undersigned counsel of record for Defendant-Appellant Doron Mitchell, in compliance with Federal Rule of Appellate Procedure 26.1, and Eleventh Circuit Rule 26.1-1, certifies that the following listed persons and parties have an interest in the outcome of this case:

1.      Brooke, Samuel Jacob, Assistant Federal Defender, Federal Defenders, Middle District of Alabama;

2.      Bryan, the Honorable Chad W., United States Magistrate Judge for the Middle District of Alabama;

3.      Davidson, Kevin P., Acting United States Attorney, Middle District of Alabama;

4.      Freeman, Christine A., Executive Director, Federal Defenders, Middle District of Alabama;

5.      Ganter, Stephen, Assistant Federal Defender, Federal Defenders, Middle District of Alabama;

6.      Lamb, James Patrick, Assistant United States Attorney, Middle District of Alabama;

7. Lund, Mackenzie S., Assistant Federal Defender, Federal Defenders, Middle District of Alabama;

8. Mitchell, Doron, Defendant/Appellee;

9. Montgomery, Alabama Police Department, movant;

10. Neeley, Robert Randolph, counsel for the movant, Montgomery, Alabama Police Department;

11. Talley, Brett J., Assistant United States Attorney, Middle District of Alabama;

12. Thompson, the Honorable Myron H., Senior District Judge for the Middle District of Alabama;

13. United States of America, Plaintiff/Appellant; and

14. Willis, Audrey Liston, Assistant United States Attorney, Middle District of Alabama.

/s/Mackenzie S. Lund
Mackenzie S. Lund
Assistant Federal Defender
Middle District of Alabama
Counsel for Doron Mitchell
817 South Court Street
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: Mackenzie_s_lund@fd.org
TX Bar Code: 24092731

**THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **Plaintiff-Appellant** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 25-12959** |
| | ) | |
| **DORON MITCHELL,** | ) | |
| **Defendant-Appellee** | ) | |

**MOTION TO DISMISS APPEAL**
**BASED ON THE GOVERNMENT'S FAILURE TO COMPLY WITH THE**
**CERTIFICATION REQUIREMENT IN 18 U.S.C. § 3731**

Mr. Doron Mitchell, through counsel, respectfully requests that this Court dismiss this appeal. In support of this motion, counsel refers to the government's notice of appeal, which does not comply with the certification requirements of 18 U.S.C. § 3731.

**SUMMARY OF THE ARUGMENT**

In this case, the government filed a notice of appeal which "certifies that this appeal is not frivolous or taken for purposes of delay," without also certifying "that the evidence is a substantial proof of a fact material in the proceeding." As a result, the government failed to comply with the certification requirement in 18 U.S.C. § 3731, and this Court should dismiss the appeal.

# FACTUAL AND PROCEDURAL HISTORY

In July 2024, a federal grand jury returned an indictment against Mr. Doron Mitchell, charging him with a single count of possession of a machinegun, in violation of 18 U.S.C. § 922(o). (Doc. 1). Factually, the indictment alleged that, on December 31, 2023, Mr. Mitchell possessed a firearm—a Glock model 22 Gen 5, .40 caliber pistol—that had been converted to fully automatic by way of a machinegun conversion device. (*Id.* at 1).

Subsequently, Mr. Mitchell filed a motion to suppress all evidence—including the firearm—obtained as a result the warrantless seizure, search, and resulting arrest conducted by the Montgomery Police Department on December 31, 2023. (Doc. 23).

The magistrate judge agreed with Mr. Mitchell and recommended that the motion to suppress be granted. (Doc. 48 at 9). The government objected. (Doc. 49). On August 13, 2025, the district court overruled the government's objections, adopted the recommendation of the magistrate judge, and granted the motion to suppress. (Doc. 60 at 26-27).

The government filed a notice of appeal on August 27, 2025. (Doc. 66). The government stated in the notice that it "certifies that this appeal is not frivolous or taken for purposes of delay." (*Id.* at 1). The government did not cite to 18 U.S.C. § 3731, or certify that the "evidence is a substantial proof of a fact material in the

proceeding." (*See id.*).

## ARGUMENT

Under 18 U.S.C. § 3731, the government may appeal a district court decision or order suppressing evidence "if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731.

However, an interlocutory appeal by the government may be dismissed if the government has not complied with the certification requirements of 18 U.S.C. § 3731. *United States v. Salisbury*, 158 F.3d 1204, 1206 (11th Cir. 1998); *see also See United States v. Carrillo-Bernal,* 58 F.3d 1490, 1497 (10th Cir.1995); *United States v. Hanks,* 24 F.3d 1235, 1239 (10th Cir.1994); *United States v. Miller,* 952 F.2d 866, 876 (5th Cir.1992). Although the certification requirement is nonjurisdictional, it is nevertheless a filing irregularity that may subject the appeal to dismissal under Rule 3(a) of the Federal Rules of Appellate Procedure. *Salisbury,* 158 F.3d at 1206.

As this Court has noted, the certification requirement is not a mere formality, rather:

> The certification requirement imposed by Section 3731 serves the very important purpose of ensuring that the prosecutor carefully analyzes the case before deciding to appeal. Certification to the district court forces

the prosecutor to represent that she has, in fact, thoroughly and conscientiously considered the decision to appeal. By forcing the prosecutor to take these pre-appeal steps, Section 3731's certification requirement furthers the vital underlying goal of preventing needless delay and prolonged worry in criminal proceedings.

*Id.* at 1207. Thus, "absent some compelling justification," this Court "shall decline to hear such appeals" where the government failed to comply with the certification requirement of § 3731. *Id.* This circumstance remains true regardless of whether the defendant is out of custody, the government was simply negligent, or the decision to appeal was in fact based upon conscientious pre-appeal analysis not reflected in the record. *See id.* And, the government may not correct deficiencies in the certification process after initiating the appeal. *Id.*

In this case, the government filed a notice of appeal which "certifies that this appeal is not frivolous or taken for purposes of delay." (Doc. 66). However, 18 U.S.C. § 3731 unequivocally requires the government to certify both that the appeal is not frivolous or dilutory "*and* that the evidence is a substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731 (emphasis added). The government's notice of appeal makes no such certification, and the government has offered no "compelling justification" to justify the omission. As a result, the government has failed to comply with the certification requirement in § 3731, and this Court should decline to hear the appeal. *See Salisbury*, 158 F.3d at 1206.

## CONCLUSION

In light of the foregoing, Mr. Mitchell respectfully requests that this Court enter an order dismissing this appeal based on the government's failure to comply with the certification requirement in 18 U.S.C. § 3731. Mr. Mitchell has been informed of this motion, and approves of the relief sought.

/s/Mackenzie S. Lund
Mackenzie S. Lund
Assistant Federal Defender
Counsel for Doron Mitchell
Federal Defenders
Middle District of Alabama
817 South Court Street
Montgomery, Alabama 36104
Phone: (334) 834-2099
E-mail: Mackenzie_s_lund@fd.org
TX Bar Code: 24092731

**THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **Plaintiff-Appellant** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 25-12959** |
| | ) | |
| **Doron Mitchell,** | ) | |
| **Defendant-Appellee** | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I certify that I have, on the 6th day of May, 2026, filed the Appellee's Motion

to Dismiss using this Court's ECF system, which will send notification of this filing

to all counsel of record.   I certify that I have served a copy of the foregoing in paper

format, by placing a copy in the U.S. mail, postage prepaid, to the following:

Brett Talley, Esq.                                          Mr. Doron Mitchell
Kevin Davidson, Esq.                                   4405 Danbury Circle
J. Patrick Lamb, Esq.                                    Montgomery, AL 36116
United States Attorney's Office
131 Clayton Street
Montgomery, AL 36104


*/s/Mackenzie S. Lund*
Mackenzie S. Lund, Esq.
TX Bar Code: 24092731
Middle District of Alabama
Federal Defenders Office
817 South Court Street
Montgomery, Alabama 36104

TEL: (334) 834-2099
FAX: (334) 834-0353
Mackenzie_S_Lund@fd.org
Counsel for Doron Mitchell

# CERTIFICATE OF COMPLIANCE

I certify that this Appellee's Motion to Dismiss Appeal complies with the type volume limitation in Federal Rule of Appellate Procedure 32 in that it contains 862 words as calculated by the word processing system used to prepare this motion.

/s/Mackenzie S. Lund
Mackenzie S. Lund
Assistant Federal Defender
Counsel for Doron Mitchell
Federal Defenders of the
Middle District of Alabama
817 South Court Street
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: Mackenzie_s_lund@fd.org
TX Bar Code: 24092731